Good morning, Your Honor. It's Douglas Applegate for the appellant, Jimmy Kuang. Good morning. I'd like to reserve two minutes of my time for rebuttal. Okay. I'll try to help you, but keep track of your own time as best you can, okay? I will do so, Your Honor. When a statute of limitations issue arises, a key question always is, when did the cause of action accrue? And for a hybrid claim, a cause of action accrues when the employee receives notice from the union that they will no longer prosecute his claim. Didn't your client say expressly that he was waiving a hybrid claim? My client did not say that. His counsel said that. Okay. Isn't that one and the same for purposes of waiver? It is not. Okay. Tell us why not. And it is U.S. v. Miller that I'm going to quote from for you, where this court referred to, well, I said I was going to quote from it. On a question of applying the facts to the law, a stipulation by counsel as to the interpretation of the law as applied to those facts is not binding on this court. U.S. v. Miller. I have it right here. This court quoted from Justice Brandeis. If the stipulation is to be treated as an agreement concerning the legal effect of admitted facts, it is obviously inoperative since the court cannot be controlled by agreement of counsel. Counsel, I frankly am not familiar with the Miller case. It sounds like a criminal case, but what you're saying cannot possibly be true in the context that we're talking about. We have cases all the time where counsels stipulate to something. They tell us something where you are right there, and we take them for what they say, and they bind their clients. Is Miller a criminal case? Miller is a criminal case. And how long ago was it decided? It was decided in 1987. Okay. And as long as we're on this topic of concessions, I would like to point the court to the transcript where the trial court judge invited the concession, and he said, if it's a hybrid claim, you know that you lose on the statute of limitations. So you will concede it's not a hybrid claim, won't you? And trial counsel said, well, yes. You just told me I'm going to lose if I don't concede that it's not a hybrid claim. So he made that concession. It was a mistake. He should not have made that concession, but he did. And then the court turned around and said, okay, now that you've conceded it's not a hybrid claim, we're going to rule against you as a direct claim because there's no exhaustion. So the trial court essentially trapped trial counsel into making a concession that had not been made in any papers, that was not made in due consideration, that was not made except in the exigencies of the moment at oral argument where the trial court had told counsel, if you don't make this concession, I'm ruling against you. Okay. Well, for our purposes here, let's assume that you can do this. Are you just going on a hybrid claim? You are agreeing that the other one is gone, right? I am not making that concession. There is one possible circumstances in which there could be a direct claim, and I'll tell you what that circumstance is right now, and I could find no authority on it. So if this court wants to reach that issue, it can. If a union timely requests arbitration on its employee's behalf, but then later decides it does not want to proceed, does the employee have an opportunity within a reasonable period of time to pick up the arbitration himself? That's the open question. If an employee does have that right, and again, I could find this nowhere in the law one way or the other, and it is not mentioned. Does the collective bargaining agreement give that employee the right? I thought it had to be done through the union. No. The collective bargaining agreement is silent on the issue. What the collective bargaining agreement says is that the union has to request the arbitration. The union is the only party that can request the arbitration and has a period of time to do that. Here, the union requested the arbitration. The collective bargaining agreement is entirely, says nothing about what happens after that. And so that's the issue. And what the employee tried to do here was pick up the arbitration himself. And if he had that right, then this does not need to be a hybrid claim, because if he had that right, then he could pursue a direct claim because the employer, Bel Air Mart, refused to respond to his request for arbitration, therefore waived it, therefore the exhaustion doctrine would not apply. And if the exhaustion doctrine does not apply, then the employee can pursue his rights without requiring application of the collective bargaining agreement, other than as a breach of contract, he can do a direct claim. Counsel, do you have any case law that backs up what you're saying? No. I said that I could find no case either way. I'll tell you why, because the law doesn't permit that. But there's no case that says the law does not permit that. And it's an interesting question. I think if a union says our resources are better spent elsewhere, we do not want to pursue this, not that they are settling it, not that they're taking a lower payment, not that they're exercising their fiduciary obligation to do what they think is in the employee's best interest, but if they say we're not going to do it. Do you agree, counsel, that we would have to create a new case, create new law for you to be successful in the argument you just made? Yes. And that's what this Court exists for. When there is a gap in the law, this Court has the obligation to fill that gap. So you read this language, any employee claiming whatever shall make his claim therefore through the union as only requiring him to commence the claim through the union as opposed to making the claim and arbitrating it through the union. Is that your argument? That's close, but not exactly my argument. I am relying on Section 18.1 of the Collective Bargaining Agreement, which is the dispute resolution provision. Now, it should be noted that the union did represent the employee, did present his claim, did go through the first stage, and then it said that they had no intent of going forward, which may or may not be the correct exact language that you're supposed to use, but that's what the letter said. And so Section 18.1 says the moving party and parties are defined in this agreement so that the parties are either the union or Bellarmine. If there's an impasse, the moving party shall communicate in writing to the other party within 20 days their desire to arbitrate. That was done. And so the union did present his case, the union did notice the arbitration, and then the union said it did not intend to go further and he tried to do it himself. Now, if he's not allowed to do that, if this Court refuses to even reach that issue, which I think it has to reach if it's going to deny on the hybrid part, because then that's the open question and it has to be answered, it isn't. Sotomayor, Let's assume that since the Collective Bargaining Agreement, and this is a matter of contract, doesn't allow the employee to arbitrate without the union. Let's go back to the hybrid claim. If that is not waived, what, how have you created a genuine issue of material fact regarding the breach of the duty of fair representation? Okay. The breach of the duty of fair representation is, was not teed up in the trial court. It's not an issue that the trial court ruled on. But there was a factual showing in the trial court that he had not been terminated for just cause and that just cause was a requirement of the Collective Bargaining Agreement so that he had a valid claim. Doesn't the conduct of the union have to be discriminatory or in bad faith? It does. And what's the record, what's the evidence in the record of that? That was not an issue teed up by the summary judgment motion, so it's not in the record. And again, the summary, the burden on the summary judgment motion is on the party moving for summary judgment, which is where I was starting with on the accrual of the cause of action issue. The burden. But you didn't create a genuine issue. You're agreeing then that you didn't create through the summary judgment motion, your response to the motion, a genuine issue of material fact on that issue? Correct, because that issue was not raised. It was not one of the issues that needed to be rebutted. Their papers were on two grounds on the motion for summary judgment, statute of limitations, and there was just cause to terminate. Those are the two issues that were addressed in the summary judgment papers. And that's all that a responding party has to do on a motion for summary judgment is address the issues that are raised. Do you want to save the rest of your time for rebuttal? I do want to save the rest of my time for rebuttal. Thank you very much. We'll hear from opposing counsel. Good morning. May it please the Court, my name is Derek Haynes. I represent Bel Air Mart in this case. Plaintiff's counsel has raised a variety of arguments. I believe the majority of them are addressed adequately in the papers, but there's a few I want to highlight that counsel raised for the first time in reply, brief, and here today that I did not get an opportunity to address. The first pertains to the admissibility of evidence, and I think that it's an important issue here. That's the first ground on which the district court actually granted summary judgment, finding there was no admissible evidence in opposition to the motion. Counsel did not challenge that ruling in his opening papers. He waited to challenge it until the reply brief. As a result, he's waived that argument. That leaves him with a record that has no admissible evidence to support the arguments he's raised here today. So that's we could deem it waived or we could deem it not waived. That's just a prudential issue, and since it's an issue of law, it's certainly within our discretion to address it. So do you want to address his arguments in the reply brief? It is the case that Section 1827d is limited to the use of interpreters in court, at least that's what the plain language says. Certainly. And aside from that issue, I think the argument pertains more to Federal Rules of Evidence 901 as to the preclusive effect. Under that rule, plaintiff has to submit some evidence on which the court can accept what he is stating or what he is proposing is in fact true or is what he claims it to be. Here, plaintiff's counsel submitted a declaration attaching a variety of documents that he had no personal knowledge to lay the foundation for or submit. We also have plaintiff's declaration here that is written entirely in English, the first sentence of which states he does not read or understand English. We have no evidence on which to establish that what is written in that declaration are actually plaintiff's contentions. Plaintiff does cite a certain case, the Matsuda case, I believe, in his papers indicating that the declaration can be considered anyways even though it's written in a language other than one plaintiff understands. However, there's a distinction. In that case, in the record on the summary judgment, there was plaintiff's deposition testimony where plaintiff testified that the contents of the declaration had been read to him and he understood them. We don't have that here. There's no evidence to indicate plaintiff read or understood the contents of his declaration. But even putting the admissibility of evidence aside, I do want to address the nature of plaintiff's claim. Plaintiff's counsel just argued to this Court that plaintiff only waived or indicated he was not pursuing a hybrid claim in the heat of the moment at the hearing on the motion for summary judgment, and that simply is not true. If you review the contents of his complaint, first off, it's pled as a straightforward breach of contract claim. Then in opposition to the motion to dismiss filed before the district court, plaintiff's counsel wrote, plaintiff's claim is a straightforward breach of contract claim, close quote. Later in that same document, he goes on to write, plaintiff is not asserting a hybrid claim because he does not include a claim of breach of duty of fair representation by his union. Then later in his written opposition to the motion for summary judgment, he again writes, plaintiff is pursuing a straightforward breach claim. So the questions this Court directed to plaintiff's counsel are on point. Plaintiff waived his right to bring a hybrid claim here. But even assuming he had not waived it, he makes an argument regarding accrual of the cause of the statute of limitations. He submits it can only accrue once he receives a letter from his union indicating that the union is not pursuing his case. He relies on the grant case for that proposition, but that misstates the opinion in that case. Certainly in that case, the statute of limitations accrued when plaintiff received such a letter. But that's not the only way a statute of limitations accrues on a hybrid claim. As the authorities in that grant case establish and years of Ninth Circuit precedent establish, the statute of limitations on a hybrid claim is accrued in the same way it is for any other cause of action, once plaintiff knew or should have known that the union was not pursuing his case. And what evidence in the record tells us when Mr. Kwong should have known that the union wasn't pursuing his case? Well, first, in June of 2011, well, June of 2011, he received a letter from the union advising him of that. I understand he now contests. He says he didn't receive it. There's no admissible evidence to support that argument. But even putting that aside, he certainly knew the union wasn't pursuing his case once he had retained private counsel to pursue the case on his behalf in January of 2012. He certainly knew the union wasn't pursuing the case on his behalf when private counsel filed the underlying State court proceedings in this case in April of 2012. And then lastly, during the State court proceedings, discovery was submitted to plaintiff where he again received another copy of the June 2011 union letter. And on that point, plaintiff's counsel actually concedes. He concedes that in the underlying proceedings, he learned the union wasn't pursuing his case. But this is where there's a misstatement of fact comes into play. Plaintiff's counsel submits that during the — once he received that letter during  the State court proceedings. And he goes on to argue that given that tolling, the Federal lawsuit was timely. But that's in error. Even if you were to accept all of that is true, even if you accept that all of plaintiff's evidence is admissible and that he's pursuing a hybrid claim and that the statute of limitations was told during the State court proceedings, judgment was entered in the State court proceedings in December of 2013, and then he waited another 13 months to file the Federal lawsuit in January of 2015. So 13 additional months passed once the State court judgment was entered. So even if you assumed tolling, he still violated the six-month statute of limitations on a hybrid claim. Another — so the hybrid — excuse me, summary judgment should be affirmed on the hybrid claim, but also on the straightforward breach of contract claim. And I want to take just a moment to address points that plaintiff's counsel raised here. It's undisputed that as a mandatory prerequisite to pursuing a straightforward breach claim, you must exhaust the administrative remedies or the grievance process provided in the union collective bargaining agreement. Counsel now, for the first time, not in the district court, not in his opening brief, not in his reply brief, argues a U.S. v. Miller case, which I'm not familiar with, and I know the court indicated it's not familiar with, to suggest that there is an open issue regarding whether an employee can pursue arbitration on his own behalf. Again, new argument, not raised before, so arguably it's waived. I understand this Court could still potentially consider it. But what he's ignoring is what is actually stated in Section 3.3 of the agreement. And I know a portion of this provision was read to him. It specifically reads that an employee — or, excuse me, the employer shall have the unjust dismissal shall make his claim, therefore, through the union. It's undisputed that the union ended his claim after finding there was just cause for his termination. Let's go one step further here. As the collective bargaining agreement lays out, there's actually a multi-step process that's required to be followed. First, the dispute needs to go before the Board of Adjustment, which is made up of a union representative and the employer representative. Initially, that — at the end of that Board of Adjustment hearing here, the union and the employer took the matter under submission, the union indicating it needed to do some further research into the claim to determine how it was going to proceed. In the interim, it did request arbitration. However, after digging into the case and seeing the evidence here, it confirmed that there was just cause. So what actually happened is the result is the Board of Adjustment essentially — the union, as the member of the Board of Adjustment, came back and said, we're no longer pursuing arbitration. We're submitting our response as finding there was just cause for the termination. And as the next provision in the collective bargaining agreement provides, the determination of the Board of Adjustment, meaning the employer and the union, or of the arbitrator is final. So for plaintiff to now argue again for the first time that he — the employee should be permitted to pursue the arbitration, it's simply an error. Do you agree with Mr. Applegate that on the duty — the breach of the duty of fair representation, his client should basically be excused from having to show a genuine issue of material fact because of the way the summary judgment proceedings went forward with the just cause and statute of limitations issues being presented? I will concede that we did not, on the motion for summary judgment, argue that there was no breach of the duty of fair representation. We didn't argue that because plaintiff wasn't pursuing a hybrid claim, and he made that abundantly clear throughout the record. But we went on to argue just in case he is pursuing a hybrid claim, it's barred for other reasons aside from the duty of fair representation. And it's barred because of the six-month statute of limitations and the lack of admissible evidence to dispute that statute of limitations argument. So I do agree the duty of fair representation was not a ground on which we sought summary judgment in the lower court, and therefore plaintiff did not have to oppose that issue. Lastly, and I'll be brief here because I think it is set forth in pretty strong detail in the moving papers, the district court entered summary judgment on three alternative grounds. Any one of which could be dispositive. But it went on to note that there's a fourth ground raised in the moving papers in the district court that it would have granted summary judgment on had it reached it or if it had to reach it, and that's the just cause issue. Just cause to support plaintiff's termination just has to be a reasonable and good faith reason for termination. Here, plaintiff indisputably left his workstation, took product off the store shelf, and consumed it without paying for it. The company has a clear zero tolerance policy that mandates termination when that conduct occurs. You can understand that as the nature of its business. You can't permit employees to just go into the store, take a product, and consume it. So I submit that summary judgment could also be entered on that fourth alternative ground, which is just cause. Thank you, counsel. Thank you. I have a lot of speaking to do in two minutes, so let me endeavor to do that. If you had two minutes, that would be great. You've got 23 seconds, so move it. Okay. Mr. Kwong's declaration, paragraph 2, states, I had this declaration interpreted for me in Chinese, my native language, with interpretation assistance arranged by my attorneys. What counsel said was that there was no interpretation, there was no evidence of interpretation. It is right there on page ER0453 of the record. Under the Jack case. Counsel, I'm going to, because we have some questions, we'll give you 30 seconds more, but that's all you're getting, so please. Jack case does not require a certified translator, only a competent translator. There's no indication that the translation that was done here was not competent. The collective bargaining agreement references a claim in a way that makes it clear that that is the submission of the dispute, the creation of what are the parameters of the dispute, not the prosecution of it. That's clear from section 18.1 of the collective bargaining agreement. Thank you. Thank you very much, counsel. We appreciate it. We appreciate both counsel's arguments. Thank you. The case just argued is submitted.
judges: M. Smith, Ikuta, Bates